NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONY KHONG,

  Petitioner-Appellant,

v.

SCOTT FRAUENHEIM, Warden,

  Respondent-Appellee.

No.   20-17032

D.C. No.
2:18-cv-00580-KJM-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted November 15, 2022
San Francisco, California

Before:  S.R. THOMAS and BENNETT, Circuit Judges, and LASNIK,** District
Judge.

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Tony Khong, a California prisoner, was convicted of several crimes related to prostituting two minors, S.T. and C.T. He was sentenced to an aggregate term of twenty years. After unsuccessful state post-conviction proceedings, Khong sought federal habeas relief under 28 U.S.C. § 2254, raising the same *Brady*[1] violation that he raised in the state courts. The district court denied his habeas petition. Khong appeals.

We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and affirm. "We review the district court's denial of a writ of habeas corpus de novo, and we may affirm on any ground supported by the record." *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009). Our review is also governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") because Khong filed his habeas petition in 2018. *See id.* at 1097.

1.      The district court, adopting the magistrate judge's findings and recommendations in full, determined that it did not have to decide whether the *Brady* claim had been exhausted or was subject to procedural default because the claim was meritless. Khong argues that he properly exhausted his *Brady* claim. We agree. The exhaustion requirement is satisfied when the petitioner has given "the highest state court . . . a fair opportunity to consider each issue before presenting it to the federal court." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

Cir. 1999). A state court has "been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Id.* Khong fairly presented his *Brady* claim because his petitions before the California Superior Court, the California Court of Appeal, and the California Supreme Court—all of which were substantially the same—presented the legal and factual basis for his *Brady* claim.

Khong also argues that the State has waived any procedural default. We agree because the procedural default bar is an affirmative defense, and the State makes no argument that the state courts relied on an independent and adequate state law basis for denying relief. *See Bennett v. Mueller*, 322 F.3d 573, 580, 585–86 (9th Cir. 2003). Although we agree with Khong that his *Brady* claim is not subject to procedural default and was exhausted, it ultimately fails on the merits.

2. Because the *Brady* claim fails under de novo review, we need not resolve the parties' dispute over whether AEDPA deference applies to the California Supreme Court's or Superior Court's decision. *See Fox v. Johnson*, 832 F.3d 978, 986 (9th Cir. 2016).

"There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S.

3

263, 281–82 (1999). Prejudice has ensued "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Khong's *Brady* claim, which is based on undisclosed impeachment evidence against Officer Winchester, fails for lack of prejudice. S.T. was the key testifying witness, as she was the only testifying witness with first-hand knowledge of Khong's crimes. No evidence showed that S.T. had a motive to lie. Some of S.T.'s testimony was inconsistent, but her testimony as to the counts on which Khong was convicted was largely consistent. Her testimony was also corroborated by evidence beyond Officer Winchester's testimony and thus did not hinge on Officer Winchester's testimony. Considering the record, even if Officer Winchester's testimony had been entirely discredited by the undisclosed impeachment evidence, there is no reasonable probability that the outcome would have been different. *See Benn v. Lambert*, 283 F.3d 1040, 1058 (9th Cir. 2002).[2]

**AFFIRMED.**

---

[2] We deny Khong's motion to take judicial notice of the docket in Officer Winchester's criminal case, Dkt. No. 14, as such information came into existence two years after Khong's trial and thus has no bearing on whether there is a reasonable probability that, had the impeachment evidence been disclosed, the outcome would have been different.

4